

**THE CITY OF NEW YORK**

| | **LAW DEPARTMENT** | |
|---|---|---|
| **SYLVIA HINDS-RADIX**<br>*Corporation Counsel* | 100 CHURCH STREET<br>NEW YORK, NY 10007 | *JONATHAN PINES*<br>*Deputy Chief, General Litigation*<br>o.: 212-356-2082<br>c: 917-370-3015<br>jpines@law.nyc.gov<br>*(not for service)* |

December 8, 2022

By ECF

Honorable Andrew L. Carter
United States District Judge
United States Courthouse
40 Foley Street
New York, NY 10007

    Re:    *C.M. and S.M. obo P.M. v. NYC Dep't of Educ.*
            22-cv-9307 (ALC) (SN)

Dear Judge Carter:

       I am a deputy chief in the General Litigation Division of the Office of the Corporation Counsel, counsel for the Defendant New York City Department of Education ("Defendant" or "DOE") in the above-referenced action. In that capacity, I oversee the work of the Division and am responsible for assigning all cases served upon the Office and forwarded by our Communications Unit to the General Litigation Division for handling by its attorneys. I write, belatedly, to request a forty-five day adjournment, from today's date, within which to respond to the Complaint in this action. Defendant's time to respond otherwise ran as of November 23, 2022. This is the first request for an adjournment in this matter. Plaintiffs do not consent. The circumstances underlying this request are set forth below.

       According to our records, the Summons and Complaint in this matter were served upon the Law Department on November 2, 2022, meaning that Defendants' response was due November 23, 2022. Last evening, upon reviewing a list of matters that were identified by our case management system as unassigned in my Division (most of which were, in fact, assigned, but assignments were still in process), I first learned of the existence of the above matter, which

was one of two that were, indeed, unassigned. While I can provide an explanation for the error--and do so in the below footnote[1] -- I recognize that an explanation is not a justification, that the responsibility for this error is mine, and I therefore apologize both to Your Honor and to Plaintiffs' counsel for the delay engendered by this error.

This morning, I contacted Ms. Oroma Mpi-Reynolds, Plaintiffs' counsel, apologizing for the delay, and requested Plaintiffs' consent to a forty-five day adjournment (from today) for response to the Complaint. Ms. Mpi-Reynolds indicated that her clients would not consent to the request. I therefore respectfully make this request for a forty-five day adjournment without Plaintiffs' consent.

In the meantime, I have assigned this case to a Division attorney who will soon file a Notice of Appearance.

On behalf of the Defendant, I again apologize to the Court and to counsel for the error described above, and thank Your Honor for your consideration of this application.

Very truly yours,

/s/

Jonathan Pines
Assistant Corporation Counsel

Copy (by ECF and email) to Plaintiffs' Counsel

---

[1] Because of the high volume of new cases served upon the Law Department that are directed, via email transmittal, from our Communications Unit to General Litigation, I created a Rule in Microsoft Outlook that automatically deposits all such transmittals and attachments (pleadings) in a "To Be Assigned" sub-folder of my Inbox. For a short period of time, however, there was a temporary Communications employee who was not included in that Rule, so that the few cases he transmitted were not identified by the Rule and not forwarded to my "To Be Assigned" sub-folder, and so, was not assigned. I have spoken with Communications and have corrected the problem identified by this incident.