UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

C.M. and S.M., individually and on behalf of
P.M., a minor,

        Plaintiffs,

 -v-                                                             No. 22-CV-9307-LTS-SN

NEW YORK CITY DEPARTMENT OF
EDUCATION,

        Defendant.

-------------------------------------------------------x

ORDER REGARDING THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs C.M. and S.M. ("Plaintiffs") are parents bringing this action against the New York City Department of Education (the "DOE" or "Defendant") on behalf of their minor child, P.M., who has been classified as a student with a disability pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. section 1400 et seq. Plaintiffs initiated this action to seek a finding that the DOE did not provide P.M. with a free appropriate public education ("FAPE") and to seek reimbursement of private school tuition for the 2021-2022 school year following the parents' unilateral placement of P.M. at the Rebecca School.

This case is before the Court on the parties' motions for summary judgment (docket entry no. 33 ("Plaintiffs' Motion") and docket entry no. 35 ("Defendant's Cross-Motion").) The Court has carefully reviewed the record and the parties' submissions in connection with the instant motions. For the reasons explained below, the Court finds that the incomplete evidentiary record in this case prevents the Court from properly resolving the parties'

motions. Accordingly, the Court denies both parties' motions for summary judgment without prejudice.

When courts assess IDEA claims in this Circuit, a motion for summary judgment is "in substance an appeal from an administrative determination, not a summary judgment." Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ., 397 F.3d 77, 83 n.3 (2d Cir. 2005) (citation omitted). Federal courts reviewing administrative determinations under the IDEA must conduct an independent review of the administrative record, J.W. v. New York City Dep't of Educ., 95 F. Supp. 3d 592, 600 (S.D.N.Y. 2015) (citation omitted), "taking into account not only the record from the administrative proceedings, but also any further evidence presented before the District Court by the parties." Grim v. Rhinebeck Cent. Sch. Dist., 346 F.3d 377, 380 (2d Cir. 2003). District courts must give appropriate deference to administrative determinations, particularly to "determinations regarding the substantive adequacy of an IEP" and determinations by a State Review Officer ("SRO"). M.H. v. New York City Dep't of Educ., 685 F.3d 217, 244-46 (2d Cir. 2012). A reviewing court therefore "should only reject the SRO's conclusions if it finds that they are not supported by a preponderance of the evidence." W.A. v. Hendrick Hudson Cent. Sch. Dist., 927 F.3d 126, 149 (2d Cir. 2019) (citation omitted).

Here, discrepancies and inconsistencies in the record and in the parties' exhibits, pleadings, and argumentative submissions have rendered the Court unable to conduct an independent review of the record and unable to ascertain whether there was adequate support for the determinations of the Impartial Hearing Officer ("IHO") and SRO. Specifically, there are three overarching issues with the parties' submissions.

First, the record in this case is plainly incomplete, which prevents the Court from properly evaluating the parties' arguments and from reviewing the administrative decisions

below.  The only factual record that the parties have provided the Court appears as docket entry no. 30 ("Administrative Record" or "Admin. Rec."), which Plaintiffs filed as the "Certified Administrative Record."  Plaintiffs' memorandum of law is, however, replete with references to exhibits that do not appear in the Administrate Record or anywhere else on the docket.  (See, e.g., docket entry no. 34 ("Pls. Mem.") at 7-8 (citing "Ex. B-2" and "Ex, R-2; R-10"), 12 (citing to a transcript not attached as an exhibit), 21 (citing "Ex. M"), 22 (citing "Ex. Q").)[1]  The Court cannot ascertain whether the cited evidence is properly part of the Administrative Record because Plaintiffs filed the Administrative Record without the required supporting affidavit indicating whether that record is complete and accurate.  See S.D.N.Y. Local Civil Rule 7.1(a)(3) (explaining that motion papers must include "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.")  After reviewing the Administrative Record, however, the Court suspects that docket entry no. 30 is not a complete copy.  The Administrative Record's prefatory material references a "Record of the Impartial Hearing," apparently produced to Plaintiffs on a CD-ROM.  (Admin. Rec. at ECF page 4.)  Plaintiffs have not provided the Court with the contents of that CD-ROM, which should contain "[a]ll portions of the administrative record filed with the Office of State Review electronically."  (Id.)  This has rendered the Court unable to determine which evidence is

---

1    Moreover, Plaintiffs' memorandum of law does not contain a statement of facts and instead refers the Court to Plaintiff's Complaint (docket entry no. 7 ("Complaint" or "Compl.")) for a "full recitation of the detailed factual and procedural history in the instant matter."  (Pls. Mem. at 4.)  Even if citations to a complaint were proper evidence at this stage, the Complaint itself is full of citations to exhibits that have not been provided to the Court.  E.g., Compl. ¶¶ 13 (citing "Ex. D-8," "Ex. D-9," and "Ex. 5-3"), 15-16 (citing a transcript not attached to the complaint), 24 (citing "Ex. 14" and "Ex. 13-20"), 48 (citing "Department Disclosure Index").)

properly before it[2] and has made it impossible for the Court to determine whether the parties' arguments have adequate factual support.[3]

Even setting aside deficiencies in the parties' citations to the record, the incomplete record in this case precludes the Court from conducting the inquiry required of it to resolve the parties' cross-motions for summary judgment. The parties have not presented the Court with most of the evidence that the IHO and SRO considered when deciding that P.M.'s IEP provided him with a FAPE. For example, the IHO based their decision on fourteen DOE exhibits and eighteen exhibits from Plaintiffs (Admin. Rec. at ECF pages 66-67), and the SRO's decision extensively cites the impartial hearing transcript and exhibits (e.g., id. at ECF pages 10-30). This Court is required to conduct an independent review of the Administrative Record to determine whether the SRO and IHO's decisions are supported by a preponderance of the evidence, see W.A., 927 F.3d at 149, but it cannot independently review a record that is not before it.

---

2   For example, the DOE argues that the Court should disregard many of Plaintiffs' arguments because they were based on "additional evidence" which Plaintiffs never sought the Court's leave to include in their papers. (Def. Cross-Mem. at 11.) While the Court would entertain requests to hear additional evidence beyond the Administrative Record if Plaintiffs made such requests, see 20 U.S.C. § 1415(i)(2)(C)(ii) ("[T]he court . . . shall hear additional evidence at the request of a party."), the Court cannot ascertain which evidence, if any, falls outside the Administrative Record.

3   To be clear, the DOE also makes several factual assertions or arguments based on evidence apparently never presented to the Court. (See, e.g., Def. Cross-Mem. at 14 (describing the "Student's January 2021 social history evaluation report" and "the Student's March 2021 IEP" without any citations).) Defendant's Cross-Memorandum also argues that Plaintiffs improperly relied upon the transcript of the impartial hearing because it was "not in record evidence" (e.g., id. at 13, 14; 16), yet Defendant argues that the Court should afford the SRO's decision "the requisite deference" in part because the SRO "examined the due process hearing transcript" (id. at 23-24.)

Second, notably absent among the exhibits available to the Court is the due process complaint that Plaintiffs filed before bringing this case. This is fatal to the parties' cross-motions because the Court's subject matter jurisdiction is "statutorily limited to hearing only civil actions 'with respect to the [due process] complaint presented.'" Scott ex rel. C.S. v. New York City Dep't of Educ., 6 F. Supp. 3d 424, 438 (S.D.N.Y. 2014) (quoting 20 U.S.C. § 1415(i)(2)(A)). Unable to review the due process complaint, the Court is not only unable to ascertain the scope of its authority to review the parties' contentions, but also cannot assess or resolve critical disputes between the parties stemming from the due process complaint. For instance, Plaintiffs argue that claims regarding P.M.'s August 2021 Individualized Education Plan ("IEP") are properly within this case because their due process complaint contained allegations regarding that IEP (Pls. Mem. at 7), while the DOE argues that Plaintiffs waived arguments regarding the August 2021 IEP because their due process complaint "included no substantive allegations as to the sufficiency" of that IEP (docket entry no. 36 ("Defendant's Cross-Memorandum" or "Def. Cross-Mem.") at 15). Without the due process complaint, the Court has no way of determining whether it even has subject matter jurisdiction of arguments regarding the August 2021 IEP, much less can it determine whether the IHO and SRO correctly evaluated or excluded that IEP when determining whether P.M. had been offered a FAPE.[4]

Third, even where the parties did cite to evidence on the docket, the Court is unable to properly evaluate that evidence due to legibility issues, improper filing, and

---

[4] Even if the Court were to agree with Defendant's position that the Court should disregard the August 2021 IEP and consider only the March 2021 IEP (Def. Cross-Mem. at 14-16), neither party provided the Court with the March 2021 IEP. The Court cannot resolve the Burlington/Carter inquiry, which turns on whether "the public placement violated IDEA," Florence Cnty. Sch. Dist. Four v. Carter, 510 U.S. 7, 15 (1993), in Defendant's favor if the Court cannot even review the IEP that Defendant argues should create the relevant public placement in this case.

inconsistent citations.  The Administrative Record's illegibility renders it unacceptably difficult for the Court to review, as many pages are heavily slanted or contain cut-off text (e.g., Admin. Rec. at ECF pages 44, 50, 64).  In the few places containing references to exhibit identification numbers, those numbers are typically handwritten untidily, sometimes in cut-off script.  (Id. at ECF pages 105-107, 110-129.)  This evidence does not comply with the District's Electronic Case Filing rules, which state that "[e]ach document filed as an exhibit must be filed separately as a numbered attachment to the main document and must be clearly titled with an objective description of the document . . . so that the nature of the exhibit and its relevance are clearly discernable without the need to open the file."  Elec. Case Filing Rules & Instructions § 5.1, S.D.N.Y., https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%2020230724%20TH%20FINAL.pdf.

    These filing deficiencies have impeded to an extraordinary degree the Court's efforts to determine what evidence the parties are referencing within the record, particularly because Plaintiffs cite the record in an inconsistent manner.  For example, Plaintiffs' Opposition (docket entry no. 37 ("Pls. Opp.")) cites the substantive contents of a "later completed private evaluation" by referring to a page of the Administrative Record where the IHO enumerates a list of evidence submitted at the hearing.  (Pls. Opp. at 5 (citing Admin. Rec. at ECF pages 67).)  That list identifies no fewer than eight distinct evaluations spanning eight months.  (Admin. Rec. at ECF pages 66-67.)  Merely citing this list is obviously insufficient to support Plaintiffs' underlying factual proposition—that P.M.'s "proposed IEPs failed to account for P.M.'s atypical behavior," (Pls. Opp. at 5.)—and, because Plaintiffs' citations lack any objective titles, the Court cannot even determine to which of the eight evaluations Plaintiffs refer.

Given the incomplete, illegible record in this case and the inconsistent citations contained in the parties' submissions, the Court finds that the parties' cross-motions are defective beyond supplementation and repair. The Court therefore denies both parties' motions for summary judgment without prejudice and directs the parties to promptly meet and confer and, within six weeks, file a joint status report that addresses the following matters:

1. The compilation of a complete, legible administrative record to be filed in connection with any renewed motion practice.

2. Whether mediation with a magistrate judge or through the Court's mediation program would help the parties resolve the present dispute.

3. A proposed briefing schedule for any renewed motion practice. As part of this briefing schedule, the parties must include a date by which the parties must make any application for leave, pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii), to present additional evidence beyond the administrative record.

Should the parties choose to renew their motion practice, all future submissions must comply with the Federal Rules of Civil Procedure, the Southern District of New York Local Civil Rules, the Individual Practices of Chief Judge Swain, and the Electronic Case Filing Rules for the Southern District of New York. In particular, the Court directs the parties to Fed. R. Civ. P. 56; S.D.N.Y. Local Civil Rules 7.1 and 56.1; Judge Swain's Individual Practice Rules section A(2); and S.D.N.Y. ECF Rules sections 5, 13, and 15. The parties must file a complete, legible certified administrative record before filing any further motions. Exhibits attached to briefs must fully comply with all applicable rules, and citations to those exhibits in renewed briefing must include the exhibits' brief descriptive identifiers, their docket entry numbers, and ECF page

numbers within their docket entries to direct the Court clearly to the referenced portions of the material.[5]

CONCLUSION

Plaintiff's Motion for Summary Judgment and Defendant's Cross-Motion for Summary Judgment are denied without prejudice. This Order resolves docket entry numbers 33 and 35. The parties are directed to meet and confer and provide a joint status update on the matters enumerated above within six weeks of the entry of this Order.

SO ORDERED.

Dated: New York, New York
August 26, 2025

           /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[5] The parties are encouraged to contact the Court's Civil Docketing Unit or ECF Help Desk at (212) 805-0800 with any questions regarding electronic filing.